### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SUE ANN RICHARDSON,

                Plaintiff,

v.                                         CIVIL ACTION NO.  2:16-cv-00830

TRUMBULL INSURANCE COMPANY, et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Motion to Remand and for Expenses (the "Motion to Remand"). (ECF No. 10.) For the reasons provided herein, the Court **GRANTS** the Motion to Remand.[1]

### *I.   Background*

This is a dispute as to whether Plaintiff's insurance policy with Defendants covers structural damage to Plaintiff's property purportedly caused by the collapse of underground mines. "Plaintiff . . . resides [in] . . . Chapmanville, . . . West Virginia." (ECF No. 1, Ex. 1 ¶ 1.) Defendant Trumbull Insurance Company ("Defendant Trumbull") is allegedly "a Connecticut corporation with its principal place of business located in Hartford, Connecticut." (ECF No. 1 ¶ 9.) Defendant

---

[1] Also pending is Plaintiff's Motion to Remand and for Expenses (the "First Motion"), (ECF No. 9), which Plaintiff filed four days before the Motion to Remand, (*see* ECF No. 10). The Court notes that Plaintiff raises identical arguments in both the First Motion and the Motion to Remand, (*see* ECF Nos. 9 & 10), and filed the latter motion "to comply with Local Rule of Civil Procedure 7.1(a)(2), which requires accompanying memoranda of law in support of motions to remand," (ECF No. 10 at 1). As such, the Court **DENIES AS MOOT** the First Motion. (ECF No. 9.)

Hartford Financial Services Group, Inc., d/b/a The Hartford ("Defendant Hartford") is allegedly "a Delaware corporation with its principal place of business located in Hartford, Connecticut." (*Id.* ¶ 10.)

On May 19, 2015, Plaintiff filed the Complaint against Defendants in the Circuit Court of Boone County, West Virginia. (ECF No. 1, Ex. 1.) "The Summons and Complaint were served on [Defendants] through the West Virginia Secretary of State which, in turn, mailed the Summons and Complaint to CT Corporation, [Defendants'] registered agent . . . ." (ECF No. 1 ¶¶ 4 & 5.) CT Corporation received the Complaint on behalf of Defendant Trumbull on June 15, 2015, and on behalf of Defendant Hartford on June 19, 2015. (*Id.*)

Upon receipt of the Complaint by Defendant Trumbull's registered agent, the Complaint was scanned and published "into an electronic data base" and "an electronic notification" was sent to Defendant "Hartford's 'intake team.'" (*Id.*, Ex. 5 ¶¶ 2–3.) "The 'intake team' created a task for further handling of the Complaint and sent it to the centralized mailbox for the particular department responsible for handling a complaint . . . ." (*Id.* ¶ 3.) Due to "a human error," "the 'task'" associated with the Complaint "was marked completed in the system" without being assigned to counsel. (*Id.* ¶¶ 4 & 7.) Additionally, upon receipt of the Complaint by Defendant Hartford, "the intake team would have noted that a duplicate copy of the [C]omplaint had already been served on [Defendant Trumbull] and loaded into the electronic system with a 'task' created for future handling by the appropriate department." (*Id.* ¶ 6.) As such, "[t]he intake team would not have created a separate duplicate task for the paper [C]omplaint received." (*Id.*) Ultimately, Defendants assert that these errors "prevented the Complaint from being properly assigned to legal counsel for further handling." (*Id.* ¶ 7.)

Plaintiff filed a motion for default judgment against Defendants "on or about November 16, 2015." (ECF No. 14 at 3.) "Although no [o]rder has yet been entered, it is . . . Defendants' understanding that at a hearing held on January 7, 2016, the Circuit Court of Boone County, West Virginia orally granted . . . Plaintiff default judgment against Defendants . . . ." (*Id.*) Defendants assert that they "first learned of the default entry on or about January 7, 2016" when "an attorney appearing on behalf of one of . . . Defendants in another matter . . . learn[ed] of the default judgment hearing in this case and provided notice to . . . Defendants." (*Id.* at 4 & n.2.)

On January 26, 2016, Defendants removed this action to this Court. (ECF No. 1.) In their Notice of Removal, Defendants assert that "[j]urisdiction resides with [this Court] pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is diversity of citizenship between . . . Plaintiff and Defendants and the amount in controversy exceeds . . . $75,000.00." (*Id.* ¶ 2.) Defendants rely solely on allegations in the Complaint in invoking this Court's diversity jurisdiction. (*See id.* ¶¶ 8–11.) Defendants also assert that "the removal of this action is timely" because the "Notice of Removal [was] filed . . . within thirty . . . days after Defendants' counsel became aware of the human error in the service of the Summons and Complaint on Defendants." (*Id.* ¶ 7.)

On February 9, 2016, Plaintiff filed the Motion to Remand, in which Plaintiff argues that remand is warranted because Defendants' removal of this action was untimely. (ECF No. 10.) Defendants filed their opposition to the Motion to Remand on February 19, 2016, (ECF No. 14), and Plaintiff filed her reply in support of this motion on February 26, 2016, (ECF No. 16). As such, the Motion to Remand is fully briefed and ready for disposition.

## II.  Legal Standard

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441." *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 547 (S.D. W. Va. 2015). Section 1441 states the following, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)), "and defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence," *Phillips Constr.*, 93 F. Supp. 3d at 547 (citing *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006)).

Section 1447 governs the remand procedure and provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be

made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The "untimely removal" of an action is "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995). "[I]f the defendant files an untimely notice of removal, the action must be remanded to the state court." *Scott v. Greiner*, 858 F. Supp. 607, 609 (S.D. W. Va. 1994) (citation omitted).

As removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citation omitted)); *Mulcahey*, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." (citations omitted)); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction" (citation omitted)).

### III. Discussion

Plaintiff's sole argument in favor of remand is that Defendants' removal of this action was untimely under 28 U.S.C. § 1446(b)(1). (*See* ECF Nos. 11 & 16.) The Court agrees with Plaintiff's position and finds that Defendants improperly removed this action.

28 U.S.C. § 1446(b)(1) provides, in pertinent part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service

5

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The receipt of an initial pleading starts the thirty-day period" for removal under Section 1446(b)(1) "only where the initial pleading reveals a ground for removal." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008) (citing *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). Courts must "rely on the initial pleading . . . to determine when the defendant had notice of the grounds for removal" and "requir[e] that those grounds be apparent within the four corners of the initial pleading." *Lovern*, 121 F.3d at 162. "A defendant does not have an affirmative duty to 'scrutinize' a complaint in search of grounds for removal." *Tolley*, 591 F. Supp. 2d at 845 (quoting *Shonk Land Co. v. Ark Land Co.*, 170 F. Supp. 2d 660, 662 (S.D. W. Va. 2001)). "Nevertheless, a defendant may be on notice of grounds for removal, even if the plaintiff's complaint is vague." *Id.* (citation omitted); *cf. Wyatt v. Capital One Bank (USA), N.A.*, Civil Action No. 5:14CV55, 2015 WL 105965, at *2 (N.D. W. Va. Jan. 7, 2015) (noting that "district courts in the Fourth Circuit have held that even if the other paper is vague, as long as it provides at least some clue that federal claims are asserted, the thirty day time period for removal begins to run" (citations omitted)). *But see Dijkstra v. Carenbauer*, Civil Action No. 5:11CV152, 2012 WL 1533485, at *4–5 (N.D. W. Va. May 1, 2012) (following a "bright-line test," which "require[s] that the grounds for removal be apparent within the four corners of the initial pleading or subsequent paper"). "The burden of establishing that removal was timely is on the defendant." *Tolley*, 591 F. Supp. 2d at 845 (citation omitted).

In this case, Defendants do not contend—and the record does not otherwise reflect—that this case first became removable due to some pleading, motion, or other paper that Defendants received within thirty days of their removal of this action. (*See* ECF Nos. 1 & 14); *cf.* 28 U.S.C. §

1446(b)(3) (providing that, "if the case stated by the initial pleading is not removable," the defendant may remove the action within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Rather, in their Notice of Removal, Defendants rely solely on the allegations in the Complaint to assert that this Court has diversity jurisdiction over this matter. (*See* ECF No. 1 ¶¶ 2, 8–11.) Furthermore, it is undisputed that Plaintiffs perfected service of the Complaint upon Defendants' registered agent in June 2015, (*see id.* ¶¶ 4–5), but Defendants did not remove this action until over seven months later in January 2016, (*see* ECF No. 1). Defendants thus failed to remove this action within the thirty-day period required by Section 1446(b)(1) and, consequently, the removal of this case was untimely.

Defendants nonetheless assert that removal was timely because they "removed this action well within 30 days after receiving notice of Plaintiff's suit." (ECF No. 14 at 1.) In particular, Defendants argue that "the [C]omplaint . . . went unnoticed by Defendants due to a clerical" or "human error" on the part of Defendants following the completion of service. (*Id.* at 6.) Defendants further argue that removal was timely because they removed this action within 30 days of "becom[ing] aware" of this "error." (ECF No. 1 ¶ 7.)

The Court finds that Defendants' argument borders on the frivolous. The Fourth Circuit stated that it "will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Lovern*, 121 F.3d at 162. Instead, determining timeliness of removal is an objective inquiry, *see, e.g.*, *Adkins v. Wells Fargo Bank, N.A.*, Civil Action No. 5:09–cv–01333, 2010 WL 1780255, at *6 (S.D. W. Va. May 3, 2010), which, as noted above, requires the Court to "rely on the face of the initial pleading

. . . to determine when the defendant had notice of the grounds for removal," *Lovern*, 121 F.3d at 162. As such, Defendants' assertion that it lacked subjective knowledge regarding the grounds for removal—or, indeed, the Complaint itself—within the thirty-day period provided in Section 1446(b)(1) due to internal clerical or human errors is irrelevant in this determination.[2] *See, e.g.*, *Bowyer v. Countrywide Home Loans Servicing LP*, Civil Action No. 5:09–cv–00402, 2009 WL 2599307, at *3 (S.D. W. Va. Aug. 21, 2009) (noting that "[t]he defendant's subjective knowledge of grounds for removal is irrelevant" (citation omitted)).

For these reasons, the Court finds that Defendant's removal of this action was untimely under 28 U.S.C. § 1446(b)(1). This defect in the removal procedure warrants the remand of this case. *See, e.g.*, *Scott v. Greiner*, 858 F. Supp. 607, 609 (S.D. W. Va. 1994) (citation omitted).

## IV.  Costs and Expenses

Plaintiff requests that the Court award her costs and expenses associated with Defendants' improper removal of this action. (*See, e.g.*, ECF No. 11 at 6.) The Court finds that the award of costs and expenses is appropriate in this case.

---

[2] Defendants rely on the unpublished decision of *York v. Property and Casualty Insurance Company of Hartford*, 592 F. App'x 148 (4th Cir. 2014) in support of their argument that their removal of this action within thirty days of identifying their internal errors renders the removal timely. (*See* ECF No. 14 at 4–7.) Defendants' reliance on *York* is misplaced. Defendants are correct in noting that the defendant in *York* received the plaintiffs' complaint, but "failed to answer" due "to an internal clerical error"—namely, the defendant "misfiled" the complaint. 592 F. App'x at 150. While these facts are similar to those in the instant case, they also had no bearing on the *York* court's finding that the defendant timely removed the action. Instead, the *York* court found that removal was timely because the defendant was subsequently served with an amended complaint after the non-diverse parties in that action were dismissed. *See id.* at 150–51. The *York* court found that this amended complaint constituted a "motion, order or other paper from which [the defendant] could have ascertained that the case was removable" and, as such, the defendant's removal within thirty days of receiving this document was timely under 28 U.S.C. § 1446(b)(3). *Id.* at 151; *see also York v. Prop. & Cas. Ins. Co. of Hartford*, Civil Action No. 2:12–cv–06582, 2013 WL 5504435, at *3–5 (S.D. W. Va. Oct. 3, 2013) (providing the district court's analysis of why removal was timely due to the defendant's subsequent receipt of the amended complaint).

By contrast, in this action, Defendants rely solely on the allegations in the Complaint as the purported basis for why this action was removable. (*See* ECF No. 1 ¶¶ 8–11.) Defendants do not contend—and the record does not otherwise reflect—that they received some "other paper" subsequent to the Complaint from which they could ascertain this action was removable. As such, both the *York* decision and Section 1446(b)(3) are inapplicable in this matter.

28 U.S.C. § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* This test "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." *Id.* at 140. However, it also does not "undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*

"The ultimate decision as to whether or not fees and costs should be awarded is left to the sound discretion of the district court, and it is not necessary for the [c]ourt to find 'bad faith' on the part of the removing party before making such awards." *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005) (citing *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 712 (S.D. W. Va. 2000)); *see also Martin*, 546 U.S. at 139 (stating that the determination of whether to "award . . . fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales"); *McCurdy v. Mountain Valley Pipeline, LLC*, Civil Action No. 1:15–03833, 2015 WL 4497407, at *6 (S.D. W. Va. July 23, 2015) ("There is no presumption in favor of awarding attorney fees [under Section 1447(c)] and the matter is left to the court's discretion."). "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal." *Allen*, 396 F. Supp. 2d at 733 (quoting *Watson*, 83 F. Supp. 2d at 712).

9

The Court finds that Defendants' removal of this matter was objectively unreasonable. As discussed above, Defendants' argument as to why removal was timely is clearly foreclosed by the objective standard employed in this Circuit when addressing the timeliness of removal. *See, e.g.*, *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Additionally, Defendants fail to cite any authority that actually supports their argument and, indeed, the only authority cited by Defendant in support of their position—*York v. Property and Casualty Insurance Company of Hartford*, 592 F. App'x 148 (4th Cir. 2014)—is clearly inapplicable in the present matter.[3] *Cf. Tabor v. Tabor*, Civil Action No. 2:13–cv–20643, 2013 WL 5670916, at *4 (S.D. W. Va. Oct. 15, 2013) (finding that the award of costs and expenses, including attorneys' fees, was warranted where, in part, the defendants failed to "point[] to . . . similar cases to support their allegations" regarding the propriety of removal). In short, Defendants dropped the ball by misplacing or mislabeling the Complaint in their internal litigation-intake procedures and it is unreasonable for Defendants to delay this litigation, needlessly consume judicial resources, and force Plaintiff to incur the costs and expenses associated with defending the removal of this matter in order for Defendants to attempt to avoid taking ownership of the consequences of their errors. *Cf. Martin*,

---

[3] The Court notes that, in the Notice of Removal, Defendants also rely on a decision from the District of South Carolina in support of their assertion that the removal of this matter was timely. (*See* ECF No. 1 ¶ 7 (citing *Cox v. Sprung's Transp. & Movers, Ltd.*, 407 F. Supp. 2d 754, 756 (D.S.C. 2006).) However, Defendants failed to cite this authority in their briefing regarding the Motion to Remand. (*See* ECF No. 14.)

Defendants' choice to abandon their reliance on *Cox* is unsurprising, considering that it has no bearing on the instant matter. In particular, the *Cox* court drew a distinction between statutorily designated agents for service and "agents designated and selected by a party to receive process." *See Cox*, 407 F. Supp. 2d at 756 (citation omitted). In particular, the court stated that "service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant." *Id.* (quoting *Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.*, 738 F. Supp. 980, 982 (D.S.C. 1990)).

However, the instant case does not raise the issue of service on a statutorily designated agent. Instead, Defendants' registered agent for service of process in West Virginia—CT Corporation—received the Complaint on behalf of Defendants. (ECF No. 1 ¶¶ 4–5.) As such, under the approach utilized by the *Cox* court, the thirty-day window to remove this matter began upon the service of the Complaint on CT Corporation in June 2015 and Defendants' removal of this matter roughly seven months later was untimely.

10

546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Accordingly, the Court finds that an award to Plaintiff of the just costs and actual expenses—including attorneys' fees—that she incurred in defending the removal of this action is warranted.

### V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.[4] (ECF No. 10.) Accordingly, the Court **REMANDS** this case to the Circuit Court of Boone County, West Virginia. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

As stated above, the Court finds that the award of costs and expenses is appropriate in this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court **ORDERS** Defendants to pay the just costs and actual expenses—including attorneys' fees—that Plaintiff incurred in defending removal. The Court **ORDERS** Plaintiff to file on the docket for this case an accounting for the actual attorney time spent, the attorney rate charged, and the just costs incurred in defending the removal of this action within fourteen days of the entry of this Opinion.[5] The Court further **ORDERS** that Defendants may, if they so choose, file a response to Plaintiff's accounting of costs and expenses no later than seven days after Plaintiff submits this filing.

---

[4] Defendants urge the Court to set aside the default judgment and rule on their pending motion to dismiss. (*See* ECF No. 15 at 1.) As the Court finds that remand of this action is warranted, the Court declines Defendants' invitation to reach these additional pending motions. Such rulings are properly left to the state court following remand.

[5] "The Court notes that although the case is remanded to state court, this Court retains jurisdiction to award expenses and costs." *Ball v. CSX Transp., Inc.*, Civil Action No. 3:14–13369, 2014 WL 1874560, at *3 (S.D. W. Va. May 9, 2014) (citing *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 711 (S.D. W. Va. 2000)).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Opinion to counsel of record and any unrepresented party. The Court further **DIRECTS** the Clerk to send a certified copy of this Opinion to the Clerk of Court for the Circuit Court of Boone County, West Virginia.

ENTER:        September 20, 2016

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE